89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ralph NUNEZ, Plaintiff-Appellant,
v.
Joseph J. COSTELLO, Superintendent of Midstate Correctional
Facility, et al., Defendant-Appellee.
 No. 95-2144.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 Appeal from the United States District Court for the Southern District of New York (John S. Martin, Jr., Judge ).
 APPEARING FOR APPELLANT: MOIRA E. CASEY, Douglaston, New York.
 APPEARING FOR APPELLEE: MONICA R. JACOBSON, Assistant Attorney General of the State of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before JAMES L. OAKES, J. DANIEL MAHONEY and JOHN M. WALKER, JR., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Petitioner-appellant Ralph Nunez appeals from a judgment entered March 13, 1995 in the United States District Court for the Southern District of New York that denied his petition for a writ of habeas corpus. On September 24, 1985, Nunez pled guilty, pursuant to a plea agreement, to attempted burglary in the second degree in New York State Supreme Court, New York County (Robert Haft, Justice ). Nunez appeals from a denial of his third petition for habeas relief from the resulting conviction, contending that: (1) his guilty plea was not knowing and voluntary; (2) he received ineffective assistance of counsel during his plea proceeding and at sentencing; and (3) he received ineffective assistant of appellate counsel. We affirm substantially for the reasons stated in the opinion of the district court. See Nunez v. Costello, No. 93 Civ. 5282(JPM), slip op. (S.D.N.Y. Jan. 5, 1995). We add only that Nunez is collaterally estopped from claiming that his guilty plea was not knowing and voluntary in view of the prior rejection of that claim when it was presented in his first federal habeas petition.